1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FSM DEVELOPMENT BANK a/k/a FEDERATED STATES OF MICRONESIA DEVELOPMENT BANK,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBERT ARTHUR and PATRICIA ARTHUR,<br><br>    Defendants. | Case No.: 11-CV-05494-LHK<br><br>ORDER REMANDING CASE TO STATE COURT; DENYING PAYMENT OF ATTORNEYS' FEES AND COSTS |
| ROBERT ARTHUR and PATRICIA ARTHUR,<br><br>    Cross-Complainants,<br><br>    v.<br><br>FSM DEVELOPMENT BANK; and GOVERNMENT OF THE STATE OF POHNPEI, FEDERATED STATES OF MICRONESIA; and Roes 1-50 Inclusive,<br><br>    Cross-Defendants. | |
| AHPW, INC.,<br><br>    Complainant-in-Intervention,<br><br>    v.<br><br>FSM DEVELOPMENT BANK; and GOVERNMENT OF THE STATE OF POHNPEI, FEDERATED STATES OF MICRONESIA; and Roes 1-50 Inclusive,<br><br>    Cross-Defendants. | |

1

Case No.: 11-CV-05494-LHK
ORDER REMANDING CASE TO STATE COURT; DENYING PAYMENT OF ATTORNEYS' FEES AND COSTS

Before the Court is Defendants and Cross-Complainants Robert and Patricia Arthur's ("the Arthurs") and Complainant-in-Intervention AHPW, Inc.'s ("AHPW") motion to remand the instant action to state court and request for an award of costs and fees resulting from improper removal. *See* Mem. of P. & A. Supp'g. Pls.' Notice of Mot. for Order Remanding Case to State Ct. and for an Order for Payment of Costs and Att'ys' Fees ("Mot."), ECF No. 11.  Cross-Defendant Government of the State of Pohnpei, Federated States of Micronesia ("Pohnpei") and Plaintiffs and Cross-Defendant FSM Development Bank a/k/a Federated States of Micronesia Development Bank ("FSMD Bank") previously removed this action from the Superior Court for the County of Santa Clara ("Superior Court") on November 14, 2011, after the Arthurs and AHPW filed a cross-complaint and complaint-in-intervention, respectively, against FSMD Bank and Pohnpei. *See* Notice of Removal Action, ECF No. 1; Decl. of Michael A. Mazzocone ("Mazzocone Decl."), ECF No. 12, Exs. 4-5.  Pursuant to Civil Local Rule 7-1(b), the Court finds the motion appropriate for determination without oral argument.  Accordingly, the hearing on the motion set for April 25, 2012, is hereby VACATED.

For the reasons set forth below, the Court REMANDS this action to the Superior Court for adjudication on the merits.  The Court DENIES Defendants' request for costs and fees resulting from improper removal.  The case management conference set for April 25, 2012, is hereby VACATED.

**I.    BACKGROUND**

   **A. The Parties**

The Arthurs are American citizens who reside in the Federated States of Micronesia ("FSM"). *See* Mazzocone Decl. Ex. 23 ("Arthurs' First Am. Cross-Compl."), ¶ 1.  AHPW is a corporation that the Arthurs formed in the FSM to process and market black pepper and to manufacture trochus[1] shell buttons. *See id*. ¶¶ 6, 18.  Pohnpei is a state located in the FSM. *See id.*

---

[1] Webster's dictionary defines "trochus" as "a genus of chiefly Old World tropical marine gastropods (family Trochidae) with beautifully nacreous bluntly conical shells including a large Indo-Pacific species (*T. niloticus*) extensively used in making buttons and ornamental objects." *Webster's Third New International Dictionary of the English Language Unabridged* 2450-51 (3d ed. 2002).

2

Case No.: 11-CV-05494-LHK
ORDER REMANDING CASE TO STATE COURT; DENYING PAYMENT OF ATTORNEYS' FEES AND COSTS

¶ 2. While the parties dispute the exact relationship between FSMD Bank and Pohnpei, the parties agree that FSMD Bank is a financial institution charged with administering, documenting, and securing repayment of loans made by the Federal Development Authority's Investment Development Fund. Arthurs' First Am. Cross-Compl. ¶ 3; Mazzocone Decl. Ex. 1 ("FSMD Bank's Compl."), ¶ 2.

### B. State Court Proceedings

On January 13, 2011, FSMD Bank filed a complaint against the Arthurs in the Superior Court (the "Superior Court Action"), which asserted only a state law claim for domestication of a foreign judgment. *See generally* FSMD Bank's Compl. FSMD Bank's complaint sought to domesticate a judgment entered by the Trial Division of the Supreme Court of the Federated States of Micronesia on October 5, 2004, in the amount of $507,496.62, with interest accruing at 9% per year. *See id.* ¶ 6. This judgment was later affirmed by the Appellate Division of the Supreme Court of the Federated States of Micronesia on September 14, 2006. *See id.* ¶ 7.

On April 25, 2011, the Arthurs filed a cross-complaint in the Superior Court Action against FSMD Bank and Pohnpei to domesticate and collect on a separate judgment. Mazzocone Decl. Ex. 4 ("Arthurs' Cross-Compl."), ¶ 19. The Arthurs sought to domesticate an April 14, 2006 judgment entered by the Trial Division of the Supreme Court of the Federated States of Micronesia against Pohnpei and in favor of the Arthurs and AHPW in the amount of $713,766, plus attorneys' fees of $28,338.76 with an interest rate of 9% per year.[2] *See id* ¶¶ 12, 19. Additionally, AHPW filed a complaint-in-intervention against FSMD Bank and Pohnpei to domesticate and collect on the same April 14, 2006 judgment that was the object of the Arthurs' cross-complaint. *See* Mazzocone Decl. Ex. 5 ("AHPW's Compl.-in-Intervention"), ¶¶ 12, 17.

The Arthurs and AHPW served Pohnpei with the cross-complaint and complaint-in-intervention on June 1, 2011. Mazzocone Decl. Ex. 6. In an Order on Motions to Quash and to Strike and Demurrers issued October 11, 2011, Judge Patricia M. Lucas found that Pohnpei was served with both the cross-complaint and complaint-in-intervention in substantial compliance with

---

[2] The brief does not state whether the interest rate applies to fees or the whole amount.

3

Case No.: 11-CV-05494-LHK
ORDER REMANDING CASE TO STATE COURT; DENYING PAYMENT OF ATTORNEYS' FEES AND COSTS

the service requirements under 28 U.S.C. § 1608.  *FSM Dev. Bank v. Arthur*, 1-11-CV-191886, (Super. Ct. Oct. 11, 2011), Mazzocone Decl. Ex. 22, at 2 (citing *Straub v. A.P. Green, Inc.*, 38 F.3d 448, 453-54 (9th Cir. 1994).  Judge Lucas also ordered discovery and further briefing on whether the Superior Court had jurisdiction.  *Id.* at 3.

### C. Removal to Federal Court

On November 14, 2011, FSMD Bank removed this action to federal court, on the grounds that the Court has "original jurisdiction" under 28 U.S.C. § 1331 based on provisions of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602, *et seq.*, as well as the existence of a federal question presented in the Arthurs' and AHPW's cross-complaint and complaint-in-intervention.  *See* Notice of Remand, ECF No. 1, ¶ 11 (asserting federal question jurisdiction because "[t]his action . . . . arises under the [FSIA], and under US [sic] Public Law 99-239.").

On December 2, 2011, the Arthurs and AHPW filed a motion to remand the action to state court and for an award of costs and fees resulting from improper removal, arguing, among other things, that FSMD Bank failed to file a timely notice of removal pursuant to 28 U.S.C. § 1441(b)'s thirty-day requirement.  *See* Mot. 7.  Pohnpei filed an opposition on December 16, 2011, ("Pohnpei's Opp'n"), ECF No. 17, and the FSMD Bank filed an opposition on January 5, 2012, ("FSMD Bank's Opp'n), ECF No. 20.  The Arthurs and AHPW filed a reply on January 12, 2012. ("Reply"), ECF No. 26.

On June 9, 2011, in a different case involving the same parties here, the Ninth Circuit affirmed the U.S. District Court for the Northern Mariana Islands' dismissal with prejudice for lack of subject matter jurisdiction.  *See AHPW, Inc. v. Pohnpei*, 437 F. App'x 565 (9th Cir. June 9, 2011).  On April 23, 2012, the undersigned judge ordered further briefing on whether the Court has subject matter jurisdiction and why relitigation of that issue was not barred by the collateral estoppel doctrine as a result of the Ninth Circuit's decision in *AHPW, Inc. v. Pohnpei*.  *See* ECF No. 40.  The parties filed their supplemental briefing on April 25, 2012.  ECF Nos. 42, 43.

4

Case No.: 11-CV-05494-LHK
ORDER REMANDING CASE TO STATE COURT; DENYING PAYMENT OF ATTORNEYS' FEES AND COSTS

## II. DISCUSSION

### A. Compliance with the Removal Procedures

The Court may consider the timeliness of the removal before considering whether it has subject matter jurisdiction. *See Barbour v. Int'l Union*, 640 F.3d 599, 618-19 (4th Cir. 2011) (Agee, J., concurring) ("The threshold issue to consider is whether the notice of removal was timely . . . . If the . . . notice of removal was timely, we must then consider whether the district court possessed subject matter jurisdiction . . . .") (citing *Fakouri v. Pizza Hut of Am., Inc.*, 824 F.2d 470, 472 (6th Cir. 1987); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)); *see also McPhatter v. Sweitzer*, 401 F. Supp. 2d 468, 477 (M.D.N.C. 2005) ("Because Defendants did not comply with the thirty-day removal period required by § 1446(b), the court is not required to address Defendants' substantive grounds for removal.") (citing *Link Telecomms., Inc. v. Sapperstein*, 119 F.Supp.2d 536, 544 (D. Md. 2000)). *Cf. Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[F]ederal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotations omitted).

A Plaintiff may bring a motion to remand to challenge removal of an action to federal court, either for lack of subject matter jurisdiction or for a defect in the removal procedure. 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A party opposing removal on the basis of a procedural defect must make a motion to remand within thirty days of the filing of the notice of removal. 28 U.S.C. § 1447(c). Pursuant to 28 U.S.C. § 1147(c), a court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The Arthurs and AHPW argue that: (1) Pohnpei's notice of removal is untimely pursuant to 28 U.S.C. § 1441(b); (2) Pohnpei failed to file all of the papers required under 28 U.S.C. § 1446(a); and (3) FSMD Bank's complaint, the Arthur's cross-complaint, and AHPW's complaint-in-

intervention are based solely on state law and do not arise under federal law. Plaintiffs thus request that the action be remanded to the Superior Court and that this Court award fees and costs under 28 U.S.C. § 1447(c).

Pohnpei and FSMD Bank argue that under section 1441(d), Pohnpei, as a foreign state, has an absolute right of removal, subject to a liberal time limitation. Pohnpei's Opp'n 5; FSMD Bank Opp'n 9-11. FSMD Bank and Pohnpei argue that Pohnpei was never properly served, and therefore, the time to remove was not triggered. Pohnpei's Opp'n 6-8; FSMD Bank's Opp'n 6, 12-17. Moreover, Pohnpei and FSMD Bank argue that the following factors militate in favor of expanding the time for removal: (1) Pohnpei's difficulty in locating a California attorney; (2) the defective and misleading nature of the service of the cross-complaint and the complaint-in-intervention; (3) confusion as to whether Pohnpei had been dismissed from the Superior Court Action; and (4) limited activity in the Superior Court Action, such that the Arthurs and AHPW cannot be prejudiced if the action is not remanded. Pohnpei's Opp'n 5; FSMD Bank's Opp'n 18-20. Finally, FSMD Bank argues that Pohnpei's failure to file a complete Notice of Removal may be and has been cured. FSMD Bank's Opp'n 6, 19-20. FSMD Bank opposes the award of fees and costs on the grounds that: (1) Pohnpei had an objectively reasonable basis for removal; and (2) fees and costs may not be awarded against a party that joins another party's removal. FSMD Bank's Opp'n 21-22.

For the reasons set forth below, the Court finds that removal was not timely and that Pohnpei has not shown cause to enlarge the time to remove. Accordingly, this matter is remanded to state court. The Court need not reach the Arthurs' and AHPW's other arguments in support of remand. The Court declines to award fees and costs.

### 1. Pohnpei's Removal was Not Timely

As an initial matter, the Court considers when the time for removal was triggered. Pursuant to 28 U.S.C. § 1446(b), the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The "thirty-day requirement is triggered

6

by defendant's receipt of an 'initial pleading' that reveals a basis for removal." *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Pohnpei and FSMD Bank argue that Pohnpei was never properly served, and thus, the time to remove was never triggered. The Court is not persuaded. The authority FSMD Bank and Pohnpei cites, applying a "strict compliance" test for 28 U.S.C. § 1608(a), is not binding on this Court. FSM Opp'n 12 (citing *Magness v. Russian Federation*, 247 F.3d 609, 614 (5th Cir. 2001)). Under the Ninth Circuit's "substantial compliance" test, which *is* binding on this Court, "the pivotal factor is whether the defendant receives actual notice and was not prejudiced by the lack of compliance with the FSIA." *Straub*, 38 F.3d at 453; *accord Peterson v. Islamic Republic Of Iran*, 627 F.3d 1117, 1129 (9th Cir. 2010) (applying "substantial compliance" test to service on a foreign state). The proofs of service show that Pohnpei was served with the cross-complaint and complaint-in-intervention on June 1, 2011. Mazzocone Decl. Ex. 6. Judge Lucas found that Pohnpei was served with the cross-complaint and complaint-in-intervention in substantial compliance with 28 U.S.C. § 1608. Moreover, Pohnpei admits that the office of the Governor of Pohnpei received the cross-complaint and complaint-in-intervention before Pohnpei filed a Motion to Quash Service of Summons on July 29, 2011. Pohnpei's Opp'n 3. Therefore, the Court finds that Pohnpei received actual notice and was not prejudiced by the lack of compliance with the FSIA. Accordingly, this Court finds no reason to disturb the Superior Court's finding that Pohnpei was properly served, or to question that service was properly effected as of June 1, 2011.

Furthermore, Pohnpei's Notice of Removal states that the purported bases for removal, the FSIA and Pub. Law 99-239, were evident "as alleged in the Cross-Complaint and in the Complaint-in-Intervention." Notice of Removal ¶ 11. Thus, Pohnpei's receipt of these initial pleadings that stated the bases for removal on their face triggered the thirty-day requirement for filing a notice of removal. *See Harris*, 425 F.3d at 694 ("thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal"). Accordingly, under 28 U.S.C. § 1446(b), the notice of removal should have been filed on July 1, 2011. *Id.* The notice of removal was not filed until November 14, 2011, more than 130 days after the deadline under 28

7

Case No.: 11-CV-05494-LHK
ORDER REMANDING CASE TO STATE COURT; DENYING PAYMENT OF ATTORNEYS' FEES AND COSTS

U.S.C. § 1446(b).[3]  The Arthurs and AHPW timely moved to remand on December 1, 2011, well within the 30 day window provided by 28 U.S.C. § 1447(c).

Pohnpei's Notice of Remand listed "28 U.S.C. § 1441(b) (federal question)" as the basis for removal.[4]  28 U.S.C. 1446(b) applies a strict 30-day filing requirement to matters removed under 28 U.S.C. § 1441(b).  Thus, under 28 U.S.C. § 1446(b), Pohnpei's and FSMD Bank's removal was untimely.  However, 28 U.S.C. § 1441(d) provides an alternative basis for political subdivisions of foreign states to remove a civil action.  28 U.S.C. § 1441(d) states that when removal is based upon 28 U.S.C. § 1441(d), "the time limitations of section 1446(b) . . . may be enlarged at any time for cause shown."  The Arthurs and AHPW do not contest that Pohnpei is a political subdivision of the FSM.  Accordingly, the Court turns to whether Pohnpei has shown cause for untimely removal pursuant to 28 U.S.C. § 1441(d).

### 2. Pohnpei Has not Shown Cause for Enlargement of Time to Remove

"The decision of whether to enlarge the deadline for removal pursuant to § 1441(d) is one committed to the discretion of the court." *State Farm Mut. Auto. Ins. Co. v. Ins. Co. of British Columbia*, CV 09-762-ST, 2010 WL 331786 (D. Or. Jan. 25, 2010) (citing *Big Sky Network Canada v. Sichuan Provincial Gov't*, 533 F3d 1183, 1186 (10th Cir. 2008)).  In the exercise of this discretion, courts consider the following factors: (1) "the danger of prejudice to the nonmoving party;" (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason [or cause] for the delay;" and (4) "whether the movant acted in good faith." *Id.* (citing *Big Sky*, 533 F3d at 1187) (other internal citations omitted; alteration added).

Pohnpei and FSMD Bank argue that the following factors militate in favor of enlarging the time for removal: (1) Pohnpei's difficulty in locating a California attorney; (2) confusion as to whether Pohnpei had been dismissed from the Superior Court Action; (3) the defective and misleading nature of the service of the cross-complaint and the complaint-in-intervention; and (4)

---

[3] Even if July 29, 2011 were the effective date of service, Pohnpei's Notice of Removal would still be untimely.

[4] Removal based on federal question is governed in fact by 28 U.S.C. § 1441(a).

8

Case No.: 11-CV-05494-LHK
ORDER REMANDING CASE TO STATE COURT; DENYING PAYMENT OF ATTORNEYS' FEES AND COSTS

limited activity in the Superior Court Action, such that the Arthurs and AHPW cannot be prejudiced if the action is not remanded. Pohnpei's Opp'n 5; FSMD Bank's Opp'n 18-20.

The Court agrees with the Arthurs and AHPW that these reasons are not persuasive. FSMD Bank argues that *Big Sky* stands for the proposition that "taking time to locate an attorney is sufficient cause to expand time for a political subdivision of a foreign country to remove a suit." FSMD Bank's Opp'n 20 (citing *Big Sky*, 553 F.3d at 1188). However, this proposition does not appear either explicitly or by implication in the Tenth Circuit's *Big Sky* decision. The Tenth Circuit did note that, unlike here, the Sichuan Provincial Government was a first time litigant in U.S. courts and that "seeking removal was the very first act the governments took in this litigation." *Big Sky*, 533 F.3d at 1188 & n.1. Here, Pohnpei is not a first time litigant in federal court. The state of Pohnpei was a party to a federal action that previously went up to the Ninth Circuit. *See, e.g.*, *AHPW, Inc.*, 437 F. App'x 565. Moreover, even if it is true that it took Pohnpei two months to obtain counsel, Pohnpei could have removed the action in August 2011. Instead, Pohnpei, through its counsel, engaged in the Superior Court Action on July 29, 2011, by moving to quash service of the cross-complaint and the complaint-in-intervention. Mazzocone Decl. Ex. 11. Pohnpei also filed a reply in support of its motion to quash on September 22, 2011. *Id.* Ex. 17. Pohnpei argued its motion to quash on September 27, 2011. *Id.* ¶ 12. Unlike Sichuan Provincial Government in *Big Sky*, Pohnpei was no stranger to the federal courts and engaged in extensive litigation in the State Court Action for months before filing its notice of removal. Pohnpei waited until Judge Lucas issued an adverse ruling on October 11, 2011, before filing its notice of removal on November 14, 2011. In the circumstances of this case, Pohnpei's delay in obtaining counsel is not a persuasive reason to enlarge the time for removal.

Second, Pohnpei's alleged confusion as to whether Pohnpei had been dismissed by the August 18, 2011 order to show cause, Pohnpei's Opp'n 5, is also not persuasive. The deadline for Pohnpei to file its notice of removal was July 1, 2011. The alleged erroneous dismissal occurred on August 18, 2011, more than a month after the deadline for filing the notice of removal had passed, and almost three weeks after Pohnpei had already obtained counsel. Accordingly, the

9

Case No.: 11-CV-05494-LHK
ORDER REMANDING CASE TO STATE COURT; DENYING PAYMENT OF ATTORNEYS' FEES AND COSTS

confusion as to Pohnpei's dismissal from the Superior Court Action cannot explain Pohnpei's untimely removal or provide cause to enlarge the time for removal.

Third, the alleged defective and misleading nature of the service of the cross-complaint and the complaint-in-intervention is also unpersuasive. Judge Lucas found that the service of process was not defective here. Moreover, the Commentary on the 1988 revisions of 28 U.S.C. § 1446 recommends removal "within the 30 days following whatever papers the defendant first receives" rather than challenging the service in state court. *See* David D. Siegel, Commentary on 1988 Revision of Section 1446, 28 U.S.C.A. § 1446 (West 2012). The commentator warns, "If the defendant instead decides to raise the jurisdictional point in the state court before removing, and does not prevail on the point (service being upheld), the defendant is likely to find that the time used up in getting the service-of-process objection adjudicated in the state court passed the 30-day removal time, thus forfeiting whatever access the defendant would earlier have had to a federal court." *Id.* Thus, as the commentator notes, the prudent course would have been for Pohnpei to remove immediately, rather than to file a motion to quash, as it did, on July 29, 2011. By filing a motion to quash, Pohnpei assumed the risk that the Superior Court would uphold service and that the time adjudicating the service of process issue in Superior Court would count against the timeliness of Pohnpei's notice of removal. Accordingly, Pohnpei's alleged confusion as to service is not cause for enlarging the time for removal here.

Finally, the Court disagrees with FSMD Bank's argument that "little activity has taken place" in the Superior Court Action, such that the Arthurs and AHPW cannot be prejudiced if the action is not remanded. On the contrary, Judge Lucas has ruled on motions to quash and to strike and demurrers, and has ordered additional briefing as to the jurisdictional issues the parties raise before this Court. Thus, unlike the state court action underlying the removal action in *Big Sky*, the Superior Court here would have its "efforts effectively canceled by a delayed removal." *Cf. Big Sky*, 533 F.3d at 1188. Moreover, the Arthurs and AHPW do face prejudice given that Pohnpei and FSMD Bank effectively seek to relitigate issues, such as whether service was properly effected under 28 U.S.C. § 1608, which the Superior Court has already decided in the Arthurs' and

AHPW's favor.  Thus, the prejudice to the Arthurs and AHPW and the impact on the litigation weigh against enlarging the time for removal.

In summary, the Court does not find that any of Pohnpei's and FSMD Bank's asserted reasons to enlarge the time for removal persuasive, either individually or in their totality.  Thus, Pohnpei and FSMD Bank have failed to meet their burden of showing cause to enlarge the time for service.  Accordingly, the Court remands the action to the Superior Court for the County of Santa Clara.

### 3.     Costs and Fees

Following remand of a case upon unsuccessful removal, the district court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The award of fees and costs is in the discretion of the district court.  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  Nonetheless, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked any objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).

If the law in the Ninth Circuit is "not so clear as to make [the removing party's] endeavor entirely frivolous," a court will deny the request for attorney's fees.  *Lion Raisins, Inc. v. Fanucchi*, 788 F. Supp. 2d 1167, 1175 (E.D. Cal. 2011); *see Doe v. Bolkia*, 74 F. Supp. 2d 969, 974-75 (D. Haw. 1998) (denying plaintiff's motion for costs and fees because it was a "somewhat close question" as to whether defendant was a "foreign state" under FSIA); *but see World Sav. Bank, FSB v. Wu*, No. 08-CV-00887, 2008 WL 1994881, at *3 (N.D. Cal. May 5, 2008) (awarding costs and fees as a result of improper removal because removal motion rested on "shaky grounds both legally . . . and factually," and was likely to have been made in bad faith).

The Ninth Circuit's decision in *AHPW, Inc. v. Pohnpei*, 437 F. App'x 565, which rejected the very same arguments that Pohnpei and FSMD Bank now make in support of federal jurisdiction—and in which FSMD Bank and Pohnpei were also parties—indicates that the removing parties in this case lacked any objectively reasonable basis for requesting removal.  *See*

*Martin*, 546 U.S. at 141.  However, Judge Lucas's October 11, 2011 Order did not explicitly consider the collateral estoppel effect of *AHPW, Inc. v. Pohnpei,* 437 F. App'x 565.  Moreover Judge Lucas's October 11, 2011 suggested that it was not clear whether "the [Superior] Court lacks jurisdiction over Pohnpei" and stated that "the Bank has not shown that this fact would bar [the Arthurs] from proceeding against it, either as an agent of Pohnpei or as a third party in possession of property in which Pohnpei has an interest."  *FSM Dev. Bank v. Arthur*, 1-11-CV-191886, (Super. Ct. Oct. 11, 2011), Mazzocone Decl. Ex. 22, at 4.  Thus, in light of Judge Lucas's October 11, 2011 decision ordering further jurisdictional discovery, the Court finds that the parties had at least some objectively reasonable basis to believe that this Court had subject matter jurisdiction.  The Court therefore declines to award costs and fees as a result of improper removal.  *See Lion Raisins*, 788 F. Supp. 2d at 1175.

Furthermore, although it must have been apparent to Pohnpei that the time for removal had passed when it filed its Notice of Removal, FSMD Bank's and Pohnpei's arguments that Pohnpei had shown cause under 28 U.S.C. § 1441(d), albeit unpersuasive, were not frivolous.  The cases the Arthurs and AHPW cite, *Things Remembered Inc. v. Petrarca*, 516 U.S. 124, 128 (1995), and *Durham v. Lockheed Martin Corporation*, 445 F.3d 1247, 1254 (9th Cir. 2006), for the proposition that untimeliness of removal is sufficient for an award of fees and costs under 28 U.S.C. § 1447(c), did not involve foreign states and the attendant relaxed time period for removal under 28 U.S.C. § 1441(d).  Accordingly, the Court declines to award costs and fees as a result of improper removal.  *See Lion Raisins*, 788 F. Supp. 2d at 1175.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS the Arthurs' and AHPW's motion and REMANDS this case to the Superior Court for Santa Clara County.  The Court DENIES the Arthurs' and AHPW's request for attorneys' fees and costs.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 25, 2012

_____
LUCY H. KOH
United States District Judge

12
Case No.: 11-CV-05494-LHK
ORDER REMANDING CASE TO STATE COURT; DENYING PAYMENT OF ATTORNEYS' FEES AND COSTS